JjPER CURIAM:
Petitioner last returned to this Court in 1991 on remand of this ease from the United States Supreme Court for “all proceedings not inconsistent” with its opinion that the district court’s jury instruction on reasonable doubt could have led a reasonable juror to base “a finding of guilt ... on a degree of proof below that required by the Due Process Clause.” Cage v. Louisiana, 498 U.S. 39, 40-41, 111 S.Ct. 328, 329-330, 112 L.Ed.2d 339 (1990). On remand, we then held that the due process violation in petitioner’s case was subject to harmless-error analysis and that the jury instruction was, in fact, harmless beyond a reasonable doubt at both the guilt and sentencing stages of petitioner’s capital trial. State v. Cage, 583 So.2d *90 1125 (1991). Less than two years after it denied petitioner’s petition for certiorari to review the correctness of our decision, 502 U.S. -, 112 S.Ct. 211, 116 L.Ed.2d 170 (1991), the Supreme Court held in another capital case from Louisiana that harmless-error analysis does not apply to the particular due process violation committed in ^petitioner’s case because “the essential connection to a ‘beyond-a-reasonable-doubt’ factual finding cannot be made where the instructional error consists of a misdescription of the burden of proof, which vitiates all the jury’s findings.” Sullivan v. Louisiana, 508 U.S. -, -, 113 S.Ct. 2078, 2082, 124 L.Ed.2d 182 (1993) [emphasis in the original].
In light of Sullivan, petitioner has applied to this Court for an out-of-time rehearing to reconsider the merits of our decision in State v. Cage. This Court’s rules specifically provide, however, that applications for rehearing must be filed no more than fourteen days after the mailing of the notice of judgment, “and no extension of time therefor will be granted.” La.S.Ct. Rule IX, § 1. Our rule reflects the general policy “‘that there be an end of litigation; that those who have contested an issue shall be bound by the result of that contest, and that matters once tried shall be considered forever settled as between the parties.’ ” James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 542, 111 S.Ct. 2439, 2447, 115 L.Ed.2d 481 (1991) (Souter, J.) [quoting Baldwin v. Iowa State Traveling Men’s Assn., 283 U.S. 522, 525, 51 S.Ct. 517, 518, 75 L.Ed. 1244 (1931) ]. We are precluded by policy and rule from reopening the petitioner’s final appeal on grounds asserted by him or from accepting the state’s invitation to consider in this case the constitutionality of petitioner’s jury charge according to the standard of review set forth in Boyde v. California, 494 U.S. 370, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990), and Estelle v. McGuire, 502 U.S. -, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).
Louisiana law governing post conviction relief, La.C.Cr.P. art. 924 et seq., tempers this rule of finality by providing a forum in which prisoners in state custody may attack their final convictions on constitutional grounds. When required to do so “in the interests of justice,” the district pcourt may consider a claim for post-conviction relief although it was “fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence....” The Official Revision Comment to this article observes that “[t]he trial court has the discretion to make allowances for the unique case in which justice requires that the same ground be relitigated.”
Petitioner’s present motion asks, in essence, why he should not be given the benefit of his own decision in Cage v. Louisiana, now that Sullivan v. Louisiana has made clear that the error committed in his case was of such a fundamental, structural nature that harmless-error analysis does not apply. The determination of whether the interests of justice require relitigating any question resolved on direct appeal of a criminal conviction and sentence lies, however, in the first instance with the district courts of this state, which possess exclusive original jurisdiction over “all ... criminal matters.” La.Const.1974, Art. 5, § 16(A); La.C.Cr.P. art. 925. Accordingly, in the exercise of our plenary supervisory authority over the lower courts, La.Const.1974, Art. V, § 5(A); State v. Wimberly, 414 So.2d 666, 670 (La.1982), we transfer petitioner’s motion for an out-of-time rehearing to the district court with instructions to consider it as an application for post conviction relief and to rule on it accordingly. To the extent that this single, narrow issue may determine the constitutional validity of petitioner’s conviction, the court should act on the application without requiring petitioner to join any other claims he may have for post conviction relief, which he may urge, if necessary, after resolution of the issues raised by his present motion.
APPLICATION TRANSFERRED TO THE DISTRICT COURT WITH INSTRUCTIONS.
CALOGERO, C.J., assigns additional concurring reasons.
LEMMON, J., not on panel.