United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**July 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30803
Summary Calendar

WILTON MCGEE,

Petitioner-Appellant,

versus

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
(02-CV-850-B)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Wilton McGee, Louisiana prisoner #370747, was convicted of second degree murder by a Louisiana jury on July 26, 1996. The trial court sentenced McGee to life imprisonment at hard labor without parole, probation, or suspension of sentence. The Louisiana Court of Appeal affirmed McGee's conviction and sentence on April 8, 1998. McGee did not seek review in the Louisiana Supreme Court until November 10, 1999, well after the thirty days for seeking a writ from the Louisiana Supreme Court, as provided in LA. SUP. CT. R. X, ¶ 5(a). McGee concedes that his writ

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

request was filed out-of-time.  The Louisiana Supreme Court summarily denied McGee a supervisory writ on June 23, 2000.  In August 2002, after McGee's applications for state postconviction relief were denied, he filed the 28 U.S.C. § 2254 petition that is the subject of this appeal.

The district court dismissed McGee's petition as time-barred under the Anti-Terrorism and Effective Death Penalty Act's (AEDPA) one-year limitations period, set forth in 28 U.S.C. § 2244(d)(1).  A certificate of appealability (COA) was granted on the issue whether McGee's conviction became final for limitations purposes either (a) on the date the time expired for seeking a supervisory writ in the Louisiana Supreme Court or (b) on the date the Louisiana Supreme Court actually denied McGee's apparently untimely writ application.

The AEDPA established a one-year limitations period for the filing of a writ of habeas corpus by a person in state custody.  See 28 U.S.C. § 2244(d); Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999).  The limitations period commences on the date the judgment in question becomes final by the conclusion of direct review or the expiration of the time for seeking such review. § 2244(d)(1)(A).

As noted, the Louisiana Court of Appeal affirmed McGee's conviction and sentence on April 8, 1998.  McGee had "within thirty days of the mailing of the notice of the original judgment of the court of appeal" to make his application to the Louisiana Supreme

2

Court. LA. SUPR. CT. R. X, § 5(a). As McGee allowed the time for seeking further direct review to expire, the plain language of 28 U.S.C. § 2244(d)(1)(A) establishes that AEDPA's one-year limitations period started to run on May 8, 1998, which is "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) (if defendant stops the appeal process before entry of judgment by court of last resort, the conviction becomes final when the time for seeking further direct review in the state court expires). Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), the limitations period in McGee's case commenced on May 8, 1998.

The issue is whether McGee's out-of-time filing of his request for a supervisory writ had any impact on either the commencement or the running of the limitations period. McGee relies on O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and argues that his conviction became final for limitations purposes on the date that the Louisiana Supreme Court actually denied his untimely writ application. McGee's reliance on O'Sullivan is misplaced. In O'Sullivan, the Supreme Court concluded that state prisoners must give state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process. Id. at 840. The Supreme Court held in O'Sullivan that the petitioner's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion resulted in a procedural default of those claims.

3

<u>Id.</u> at 848.  <u>O'Sullivan</u> does not specifically address what effect an out-of-time filing would have on the AEDPA limitations period and therefore does not provide McGee with authority for the relief that he seeks.  See <u>id.</u> at 840-848.

Our recent analysis in the <u>Salinas v. Dretke</u>, 354 F.3d 425 (5th Cir.), <u>cert. denied</u>, 124 S. Ct. 2099 (2004), demonstrates that McGee's conviction became final for the AEDPA's limitations purposes on the date that the time expired for seeking a supervisory writ in the Louisiana Supreme Court, not the date that the Louisiana Supreme Court denied McGee's untimely writ application.  The <u>Salinas</u> panel decided that, in Texas, an out-of-time petition for discretionary review is in the nature of habeas relief and that the grant of such relief "tolls [the] AEDPA's statute of limitations until the date on which the Court of Criminal Appeals declines to grant further relief, but it does not require a federal court to restart the running of [the] AEDPA's limitations period altogether."  <u>Id.</u> at 430 (footnote omitted).

In Louisiana, as in Texas, leave to file an out-of-time writ application is obtained through the collateral review process.  See <u>State v. Counterman</u>, 475 So. 2d 336, 338-39 (La. 1985) (the appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal, after the time for filing an appeal has expired, is an application for post conviction relief); <u>State v. Cage</u>, 637 So. 2d 89, 90 (La. 1994) (transfer to district court of out-of-time rehearing application filed in Louisiana Supreme Court

4

with instructions to consider rehearing application as an application for postconviction relief); Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 2000) (emphasizing that Louisiana Supreme Court Rule X, § 5(a), "sets out no specific exceptions to, or exclusions from, the [30-day-filing] requirement" and that the rule expressly "forbids any extension of the thirty-day limit"). Thus, under the rationale set forth in Salinas, the AEDPA limitations period would be tolled only while McGee sought and obtained leave to file the out-of-time writ request. See Salinas, 354 F.3d at 430. In McGee's case, however, more than a year elapsed after May 8, 1998 (the triggering date for the AEDPA limitations period) before McGee filed his out-of-time writ request on November 10, 1999. Consequently, McGee's out of-time writ application did not toll the limitations period. Also, McGee did not have state habeas applications pending during the limitations period. Thus, tolling pursuant to 28 U.S.C. § 2244(d)(2) is not at issue. The one-year limitations period therefore ran untolled and uninterrupted from May 8, 1998 to May 9, 1999, when it expired.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.