United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41186
Summary Calendar

_____

CARL RAYMOND DOLAN,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:03-CV-223
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Carl Raymond Dolan, Texas prisoner # 1004499, seeks a
certificate of appealability ("COA") to appeal the dismissal of
his 28 U.S.C. § 2254 petition, wherein he challenged his
conviction for aggravated sexual assault.  The district court
dismissed Dolan's petition as time-barred by the one-year
limitations period of the Antiterrorism and Effective Death
Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To obtain a COA, a prisoner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Dolan challenges the district court's determination that his conviction became final on October 21, 2001, which is 30 days after the state appellate court affirmed the conviction on direct appeal and the date that the statutory time for filing a petition for discretionary review ("PDR") expired.  Under 28 U.S.C. § 2244(d), the limitations period commences on the date that the judgment in question "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A)(emphasis added).  Under Texas law, "a PDR is considered to be part of the direct review process, which ends when the petition is denied or when the time available for filing lapses."  Salinas v. Dretke, 354 F.3d 425, 428 (5th Cir.), cert. denied, 541 U.S. (2004).  In Dolan's case, the time available for filing a PDR lapsed when the extension of time

granted by the Texas Court of Criminal Appeals for filing a PDR expired on December 21, 2001. Thus, the district court erred in finding that Dolan's conviction became final before that date.

Dolan had one year, or until December 21, 2002, to file his federal petition. Dolan filed a state habeas application on December 15, 2001, thereby stopping the federal clock with six days remaining. See 28 U.S.C. § 2244(d)(2). The federal limitations period remained tolled until the state habeas application was denied on May 7, 2003. Because Dolan did not file his 28 U.S.C. § 2254 petition until May 20, 2003, the petition was time-barred absent tolling.

Dolan argues that under the "mailbox rule" his state habeas application should be deemed filed on December 5, 2002, when he presented it to prison authorities for mailing. We have already rejected the application of the mailbox rule for determining the filing dates of state habeas corpus petitions. See Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999).

Dolan argues further that he is entitled to equitable tolling of the limitations period for (1) the delay between the date he presented his state habeas application to prison authorities for mailing and the date when the application was stamped in the state court, and (2) the delay from the date that the state habeas court denied his application and the date that he received notice that the application had been denied. Equitable tolling may be appropriate for these delays. See

Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), reh'g granted and modified in part on other grounds, 223 F.3d 797 (2000); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999).

The district court did not address Dolan's equitable tolling arguments, however, and we have no district court decision denying equitable tolling to review. We conclude that Dolan has shown that reasonable jurists would find it debatable whether the district court's procedural ruling was correct. See Slack, 529 U.S. at 484. Based on the materials of record, it is impossible to determine whether reasonable jurists would also debate whether the claims raised by Dolan in his 28 U.S.C. § 2254 petition are valid claims of a constitutional deprivation. See Houser v. Dretke, 395 F.3d 560, 562 (5th Cir. 2004). We therefore GRANT a COA, VACATE the district court's judgment, and REMAND the matter to the district court to consider in the first instance Dolan's equitable tolling claims. See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998). The district court should determine inter alia when Dolan first received notice of the denial of his state habeas application and whether he diligently pursued his federal habeas rights. See Phillips, 216 F.3d at 511. Dolan bears the burden on remand to prove the factual predicates for equitable tolling. Phillips, 223 F.3d at 797. If the district court determines that equitable tolling is warranted, it should then consider the merits of the petition.

COA GRANTED; VACATED and REMANDED.