United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30866
Summary Calendar
_____

JOSHUA ANTHONIO LEBEUF,

Petitioner-Appellant,

versus

LYNN COOPER; CHARLES C. FOTI, JR.,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:05-CV-243
--------------------

Before GARWOOD, DEMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Joshua Anthonio LeBeuf, Louisiana prisoner # 409557, appeals
from the dismissal of his 28 U.S.C. § 2254 application as
time-barred pursuant to 28 U.S.C. § 2244(d).  LeBeuf challenges
his conviction of armed robbery and using a firearm during the
commission of an armed robbery.

If it is assumed that LeBeuf's conviction became final on
January 28, 2002, it is possible that a total of 341 countable
days elapsed between that date and March 16, 2005, when he filed
his § 2254 application.  We have extended the mailbox rule to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determine the filing dates for Louisiana postconviction relief PCR applications. See Causey v. Cain, 450 F.3d 601, 605-06 (5th Cir. 2006). LeBeuf dated the certificate of service for his PCR application December 5, 2002. It is unclear, however, whether LeBeuf delivered his PCR application for mailing on December 5. The filing of the PCR application tolled the one-year limitations period of § 2244(d)(1) until March 10, 2004, upon the expiration of the period for seeking a writ from the Supreme Court of Louisiana to review the decision of the Louisiana Court of Appeal denying LeBeuf a writ of review. See § 2244(d)(2). LeBeuf dated the certificate of service on his writ application to the Supreme Court of Louisiana March 21, 2004, but it is unclear whether he delivered the petition for mailing on that date. If LeBeuf delivered the PCR for mailing on December 5, 2002, and delivered the Supreme Court application for mailing on March 21, 2004, then 341 countable days elapsed from the date his conviction became final. We therefore vacate the judgment and remand the case for determination when LeBeuf delivered his PCR application and Supreme Court writ application to prison officials for mailing. See Causey, 450 F.3d at 607. After this determination, the district court should conduct such further proceedings as may be appropriate, if any.

VACATED AND REMANDED.