**F I L E D**
**August 3, 2007**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-30210
Summary Calendar

ALVIN MEAD,

Petitioner-

Appellant,

versus

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-

Appellee.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CV-3058
-------------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:*

    Alvin Mead, Louisiana prisoner # 310779, appeals the dismissal as time-barred of his 28

U.S.C. § 2254 petition challenging his conviction for cocaine possession.  Mead was granted a

certificate of appealability on the issue whether his petition was untimely.  *Mead v. Cain*, No. 06-

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

30210 (5th Cir. Sept. 20, 2006) (unpublished). The Respondent contends by letter that Mead's time-bar issue "may have merit" in light of *Causey v. Cain*, 450 F.3d 601 (5th Cir. 2006). After reviewing the district court's factual findings for clear error and its legal conclusions de novo, *Moody v. Johnson*, 139 F.3d 477, 480 (5th Cir. 1998), we vacate and remand.

Holding the prison mailbox rule inapplicable, the district court found that Mead's application on direct review for supervisory writs from the Louisiana Supreme Court was filed on January 25, 2001, and was untimely. We subsequently held in *Causey*, however, that the prison mailbox rule was applicable to the filings of Louisiana prisoners. 450 F.3d at 606-07. Mead represents that he placed his writ application in the prison mail system on or about October 27, 2000. Pursuant to Causey, to determine whether his § 2254 petition is indeed untimely, the district court must make a finding whether the filing tendered to the Louisiana Supreme Court on or about October 27, 2000, was Mead's direct review writ application.

The district court also must reassess its finding that the supreme court clerk deemed the writ application untimely. That finding does not pass clear-error review, *Moody*, 139 F.3d at 480, because no support was cited for the proposition that the handwritten notation "(*unt* 'KO')" was an indication that the application was rejected as untimely. (emphasis added). Moreover, the Louisiana Supreme Court's opinion did not deem the application untimely and, instead, denied it on the merits. See Causey, 450 F.3d at 606-07. If the district court finds that the October 2000 mailing was Mead's supervisory writ application and that it was not rejected as untimely, the pleading is deemed filed, at the latest, on October 27, 2000.[**] *Causey*, 450 F.3d at 607. The application would therefore have

---

[**] Even absent application of the prison mailbox rule, this filing would be deemed timely under Louisiana Supreme Court Rule X, § 5(d), which provides in pertinent part as follows with regard to the filing of writ applications seeking review of a judgment of the court of appeal:

2

been timely filed within 30 days of the September 27, 2000, affirmance of his conviction, LA. S. CT. R. X §5(a), and Mead's conviction would have become final on December 20, 2001, *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998), giving him until December 20, 2002, to make a timely federal filing, unless the period was tolled.

The district court was not called upon to make findings regarding the timeliness of Mead's postconviction applications for purposes of a tolling analysis. If, however, the dates represented in the certificates of service contained in those pleadings are indeed the dates on which Mead delivered them to prison authorities, his applications to both the court of appeal and state supreme court were timely filed under *Causey*, entitling him to tolling under 28 U.S.C. § 2244(d)(2) and rendering his § 2254 petition timely.

We therefore vacate and remand this case to the district court for a determination: (1) whether the filing Mead tendered to the Louisiana Supreme Court on our about October 27, 2000, was indeed his writ application on direct review; (2) whether the Louisiana Supreme Court deemed that filing untimely; (3) whether Mead delivered his postconviction applications to prison authorities on the dates represented in the certificates of service at the trial court, appellate court, and supreme court level; and, (4) if necessary, whether Mead's constitutional claims have merit. *See Causey*, 450 F.3d at 607.

---

An application properly mailed shall be deemed timely filed if mailed on or before the last day of the delay for filing. If the application is received by mail on the first legal day following the expiration of the delay, there shall be a rebuttable presumption that it was timely filed. In all cases where the presumption does not apply, the timeliness of the mailing shall be shown only by an official United States postmark or by official receipt or certificate from the United States Postal Service made at the time of mailing which indicates the date thereof.

VACATED AND REMANDED.