# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 19, 2011

Lyle W. Cayce
Clerk

No. 10-10274
Summary Calendar

BRENT W. MYERS,

Plaintiff-Appellant

v.

M. SWINDLE, Dallas Policeman; S. TOMIYAMA, Dallas Policeman; JOHN
DOE, White Male Dallas Policeman; JOHN DOE, Black Male Dallas Policeman,
D. KUNKLE, Dallas Police Chief; JANE DOE, White Female Dallas Jail Medic;
JOHN DOE, Black Male Dallas Policeman,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-2292

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Brent W. Myers, Texas prisoner # 1513909, appeals the district court's
dismissal of his 42 U.S.C. § 1983 complaint arising from his arrest in April 2007
and his conviction in October 2007 of assault on a public servant. In his
complaint, Myers alleged claims of false arrest, excessive force, denial of medical
care, and false imprisonment arising from his interaction with Dallas police

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

officers and jail personnel at the time of his arrest. The district court determined that these claims were barred by the applicable two-year statute of limitations and that equitable tolling was not warranted. Myers also alleged claims of malicious prosecution and wrongful conviction, which the district court dismissed as barred pursuant to *Heck v. Humphrey,* 512 U.S. 477 (1994).

The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Such a dismissal is subject to de novo review by this court. *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010). Myers challenges the district court's ruling solely by arguing that the district court erred when it determined that his claims were barred by the statute of limitations. He fails to address the district court's determination that his claims of malicious prosecution and wrongful conviction were *Heck*-barred. He has therefore abandoned any such challenge. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 158 (2010); FED. R. APP. P. 28(a)(9). In any event, a judgment in favor of Myers regarding his claims of malicious prosecution and wrongful conviction would imply that his conviction is invalid. As such, the district court did not err in determining that Myers's claims for malicious prosecution and wrongful conviction are barred by *Heck*. *See Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).

Regarding the limitations issue, Myers contends that he submitted in the district court a log from the prison mail room that demonstrates that he submitted the complaint in the instant proceeding to prison officials for mailing within the limitations period. Pursuant to the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the pro se prisoner submits the pleading to prison authorities for mailing. *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006) (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). The prison mailbox rule applies to the filing of § 1983 complaints. *Cooper v. Brookshire*, 70 F.3d 377, 378-81 (5th Cir. 1995).

No. 10-10274

The mail room log that Myers submitted in response to the magistrate judge's sua sponte consideration of the limitations issue indicates that prison officials mailed legal mail for Myers to the "Clerk, District Court, Northern District of Texas, 1100 Commerce Street, Dallas, Texas, 75242," within the limitations period. The district court did not analyze the import of the log in light of the prison mailbox rule. Rather, the district court construed Myers's argument as a request for equitable tolling. Notwithstanding the district court's equitable tolling analysis, if Myers tendered a complaint regarding the claims in this litigation to prison officials for mailing prior to the expiration of the limitations period, as the prison mail room log suggests, the district court erred by dismissing the litigation as barred by the statute of limitations. *See Houston*, 487 U.S. at 275. Further factual development is necessary to determine the nature of the pleading that is referenced in the mail room log, as the log does not describe the pleading that Myers filed and therefore does not establish that Myers filed a timely complaint in this litigation. In such a case, remand is appropriate. *See Causey,* 450 F. 3d at 603 n.4, 607; *Stoot v. Cain*, 570 F.3d 669, 670-72 (5th Cir. 2009).

In accordance with the foregoing, the district court's determination that Myers's claims of malicious prosecution and wrongful conviction are *Heck*-barred is affirmed. The district court's determination that Myers's claims of false arrest, excessive force, denial of medical care, and false imprisonment are barred by the statute of limitations is vacated. The case is remanded for further factual development regarding whether the filing that is unidentified in the prison mail log was a timely filing of this lawsuit and, if necessary, to consider the substance of Myers's claims for relief that were previously dismissed as time barred, including whether those claims are barred by *Heck*.

AFFIRMED IN PART, VACATED IN PART, and REMANDED.