# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 06-30561
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 1, 2007

Charles R. Fulbruge III
Clerk

ROY LEE HUGHES, II

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
03-CV-792

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roy Lee Hughes, II, Louisiana prisoner # 122877, was convicted in state court of armed robbery and kidnaping and was sentenced to life imprisonment. See State v. Williams, 747 So.2d 1256 (La. App.2d Cir. 1999). In May 2003, Hughes filed a 28 U.S.C. § 2254 petition in the district court. The district court dismissed the petition as untimely. The court concluded that because Hughes did not file a timely writ application in the Louisiana Supreme Court, none of his

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subsequent filings tolled the limitations period and, thus, his petition was not filed within one year as required under the AEDPA.

Hughes was granted a certificate of appealability on the issue whether the district court erred in dismissing his § 2254 petition as untimely. The Respondent was directed to address, inter alia, the effect of an extension letter from the Louisiana Supreme Court, submitted by Hughes, on the timeliness of Hughes's § 2254 petition. We review the district court's determination that Hughes's petition was untimely de novo. See Melancon v. Kaylo, 259 F.3d 401, 404 (5th Cir. 2001).

Under La. Sup. Ct. R. X, § 5(a), a petitioner must file a writ application in the Louisiana Supreme Court "within thirty days of the mailing of the notice of the original judgment of the court of appeal." The Rule also provides that "No extension of time therefor will be granted." However, the Respondent now concedes that extensions are "in fact granted," and this "is apparently done routinely, possibly pursuant to Louisiana Supreme Court Rule[] X, Section 5.(b)." The Respondent also concedes that because Hughes had been granted an extension by the Louisiana Supreme Court, his § 2254 petition is timely, and the matter should be remanded to the district court for review on the merits.

Hughes has demonstrated that the district court erred in concluding that his petition was untimely. Accordingly, we VACATE the judgment and REMAND the case to the district court for a determination of the merits of his petition. See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998).