IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2008

Charles R. Fulbruge III
Clerk

No. 05-30689

CHARLES T. BUTLER

Petitioner - Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:01-CV-2733

Before DAVIS and SOUTHWICK, Circuit Judges, and CLARK, District Judge.[*]

SOUTHWICK, Circuit Judge:

Charles Butler appeals the dismissal of his federal habeas petition, which was found to be untimely. We affirm.

FACTS AND PROCEDURAL HISTORY

Butler is a Louisiana state prisoner. On May 23, 1997, he was convicted of second-degree murder and sentenced to life imprisonment. See State v. Butler, 714 So. 2d 877, 882 (La. Ct. App. 1998). His conviction was affirmed on June 24, 1998. Id. at 880. Butler did not file a writ application to the Louisiana Supreme Court ("direct review application") within the thirty days required by the state

---

[*] District Judge of the Eastern District of Texas, sitting by designation.

rule. He filed his (late) direct review application on August 5, 1998, which the Louisiana Supreme Court denied on January 8, 1999. See State v. Butler, 734 So. 2d 1222 (La. 1999). Butler did not file a petition for a writ of certiorari to the United States Supreme Court.

On October 29, 1999, Butler began state post-conviction proceedings. His application was denied by a state district court on September 14, 2000. The Court of Appeal denied review on January 25, 2001. The Louisiana Supreme Court on November 9, 2001, again denied a writ application from Butler, this time refusing to review the denial of post-conviction relief.

On December 10, 2001, Butler filed a federal habeas petition pursuant to 28 U.S.C. § 2254. The magistrate judge recommended that Butler's petition be dismissed as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d). The analysis used was that Butler's August 5, 1998, direct review application to the Louisiana Supreme Court was not timely filed under Louisiana Supreme Court Rule X, § 5(a), which allows thirty days from the judgment of the appellate court before filing is due in the Supreme Court. Accordingly, Butler's conviction became final on July 24, 1998, and the one-year limitations period began to run on that date. Because Butler did not file his federal habeas petition within one year after July 24, 1998, the magistrate judge recommended that the petition be dismissed as time barred.

Butler filed objections, including that Louisiana Supreme Court Rule X, § 5(a) does not prohibit the filing of an out-of-time direct review application, and that he was entitled to tolling for the approximately five-month time period during which the application was pending before the Louisiana Supreme Court. The district court found Butler's federal petition to be time-barred.

Butler timely appealed. This court granted a certificate of appealability on the issue of whether the district court erred in dismissing Butler's Section 2254 petition as untimely.

DISCUSSION

This court reviews a district court decision denying a habeas petition on procedural grounds de novo. Johnson v. Cain, 215 F.3d 489, 494 (5th Cir. 2000). There is a one-year period to bring a federal habeas petition under 28 U.S.C. § 2254. The "limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

As he did in the district court, Butler argues here that the approximately five-month period during which his direct review application was before the Louisiana Supreme Court on direct appeal of his conviction (August 5, 1998 to January 8, 1999) should not count against his federal statute of limitations period. Butler argues that the limitations period did not start until after the Louisiana Supreme Court's January 1999 ruling, or alternatively, that he is entitled to equitable tolling for the five-month time period his application was pending. Whether this time period counts against Butler's one year is the essential question on appeal. If it does not count, Butler's Section 2254 petition was timely, and the district court's dismissal was improper. If the time period counts against Butler, his federal statute of limitations expired well before he even filed his state habeas petition. We now turn to that question.

A. When Butler's conviction became final

The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court,

his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," as Butler did here, "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).

Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693. Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to that court . . . or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal." Butler's time for seeking further review of his state conviction expired when he did not within thirty days of the Louisiana Court of Appeal's June 24, 1998 decision, challenge that decision in the state Supreme Court.

B. The running of the limitations period

Once the "expiration of the time for seeking" review of a state conviction has occurred, Section 2244(d)(1)(A) starts the one-year period for filing for a federal writ of habeas corpus. Because Butler's conviction became final on July 24, 1998, as we just explained, the one-year period for petitioning for federal habeas relief began on that date. A tolling provision appears in Section 2244(d)(2), which excludes the time "during which a properly filed application

4

for State post-conviction or other collateral review . . . is pending." Under that provision it is only state post-conviction relief proceedings that cause tolling.

The five-month period Butler asserts caused tolling was when his application was pending with the Louisiana Supreme Court on direct review. Therefore, Section 2244 tolling was not involved. The issue as to that period is whether his time for seeking review of his conviction expired at the beginning or at the end of those five months. We explained above why those five months were not part of his time for seeking direct review. When the Louisiana Supreme Court denied his late application on January 8, 1999, close to half of Butler's one-year period to bring a federal habeas petition by July 24, 1999, had passed. Butler did not file even his state habeas petition until October 29, 1999. It is true that Section 2244(d)(2) would cause tolling for the period during which the state habeas proceedings continued, but it was too late for a federal petition even before the state petition was filed. There was nothing to toll.

C. Butler's argument for alternate calculations

Butler argues that we have misunderstood the discretion that the Louisiana Supreme Court had to consider his late request on direct appeal on the merits.[1] In his view, the January 1999, Supreme Court ruling was on the merits and not just a recognition that he had filed too late for review. Based on that premise, he argues that the one-year statute of limitations did not begin

---

[1] As a preliminary matter, even if Butler were correct about the Louisiana Supreme Court's powers and actions, the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" still might not change from July 25, 1998. Unlike an analysis under the tolling provision of the statute, which relies on the forum state's interpretation of when a petition is "properly filed," the evaluation of when a conviction is final for federal habeas purposes is based on federal law. See Roberts, 319 F.3d at 694 (Although "we look to state law for a determination of how long a prisoner has to file a direct appeal," there is "no reason to look to state law to determine when a state conviction becomes final for purposes of § 2244(d)(1)(A)."); see also Causey, 450 F.3d at 606. In Roberts, this court rejected a state rule specifying that a direct appeal is final when the mandate issues from the court of appeals, and chose an earlier date for federal finality purposes. See Roberts, 319 F.3d at 693-94 & n.15.

until the Louisiana Supreme Court's January 8, 1999, denial. We examine more closely the relevant Louisiana appellate procedures.

The Louisiana Supreme Court's 1999 order contains only one word: "denied." See State v. Butler, 734 So. 2d 1222. Butler argues that a simple "denied" cannot be based on untimeliness, relying in part on our statement in 2004 that "when the denial of an application is based on untimeliness, Louisiana courts routinely and unmistakably indicate so in their opinions." Grillette v. Warden, 372 F.3d 765, 775 (5th Cir. 2004). In Grillette, though, we were evaluating solely the practice of the Louisiana Court of Appeal under a rule applicable only to it and not to the state's Supreme Court; we cited only intermediate court opinions for our conclusion. See id. at 769-70. Conversely, in a pre-Grillette opinion, we found that a single-word denial order from the Louisiana Supreme Court likely indicated untimeliness and not a merits decision. Williams v. Cain, 217 F.3d 303, 304, 309 n.7 (5th Cir. 2000).

Butler also refers to numerous Louisiana Supreme Court orders which specifically stated that the application was "not considered, not timely filed." See, e.g., State v. Baker, 939 So. 2d 1269 (La. 2006); State v. Shannon, 766 So. 2d 1261 (La. 2000); State v. Jones, 763 So. 2d 586 (La. 2000). However, those examples do not prove the negative, that the absence of such language when Butler's application was denied means that the merits were reached.[2]

Most persuasive to us, the Louisiana Supreme Court would have violated its own rule if it had considered Butler's petition on the merits. A Louisiana

---

[2] A 2006 decision from this court cited Grillette and applied its disposition-on-the-merits assumption to a Louisiana Supreme Court "denial" order. Causey, 450 F.3d at 606-07. The assumption in Causey was more warranted than it is here. There was good reason to believe that Causey's direct review application was actually timely and should have been considered on the merits. Id. at 602. This court's assumption that it was heard on the merits was therefore fully justified. In contrast, Butler concedes that his direct review application was untimely filed. Though Causey applied Grillette's assumption to the same order language that is at issue here, a case that predates Causey did not do so. Williams, 217 F.3d at 309 n.7.

Supreme Court rule requires that an "application seeking to review a judgment of the court of appeals," must be filed within thirty days; it specifies that "[n]o extension of time therefor will be granted." La. Sup. Ct. R. X, § 5(a). While another section of the Rule – Section 5(b) – allows the Supreme Court to extend the time for filings under the subsection "upon proper showing," that applies to narrow categories of applications that do not include cases such as Butler's.[3]

Finally, there is no indication that the state court granted an extension or otherwise waived its own rule as to Butler. Butler did not even request an extension of time to file his late direct review application. He has not claimed that he received a letter from that court allowing a late filing such as did the defendant in Hill v. Cooper, 2007 WL 458207, No. 04-2588 (E.D. La. 2007). We are not aware of any case in which the Louisiana Supreme Court sua sponte extended the amount of time in which to file under Rule X, § 5(a). Contra Hughes, 249 F. App'x at 341 (Hughes requested and received an extension under § 5(b)); McGee v. Cain, 104 F. App'x 989 (5th Cir. 2004) (unpublished) (requested and did not receive an extension under § 5(a)); Hill, 2007 WL 458207 at *2 (requested and did receive an extension – unclear what basis).

We conclude that the Louisiana Supreme Court found Butler's application for further review of his conviction to be untimely. Therefore, that court's order

---

[3] Section 5(b) describes the types of applications to which it applies: "When an application is sought to review the action or inaction of a trial court in (a) a case in which the court of appeal does not have supervisory jurisdiction, i.e., a criminal case in which a death sentence has been imposed or in which a conviction and sentence were imposed before July 1, 1982, or (b) a case in which the court of appeal has supervisory jurisdiction but the applicant seeks to file an application directly or simultaneously in this court (which application will not ordinarily be considered by this court absent extraordinary circumstances) . . . ."

One of our opinions dealt with an extension and does not indicate that it was granted pursuant to Section 5(b). Hughes v. Cain, 249 F. App'x 340, 341 (5th Cir. 2007) (unpublished). The record in that case reveals that Hughes had filed one of the types of applications to which Rule 5(b) applies. See Appellee's Resp. to Court Order, No. 06-30561, docket entry of 2/12/07 at 2-3. The Appellee's response makes clear that the "routine[]" granting of extensions to which the opinion refers occurs "where simultaneous filings have been made with the Supreme Court and a Court of Appeal" – a filing under Section 5(b), not 5(a). Id. at 3.

does not bring into question the conclusion that the one-year period for Butler to bring a federal habeas petition began on July 24, 1998.

D.  Supplemental briefing issue

After Butler filed his opening brief, this court ordered the Louisiana State Penitentiary warden as Appellee to file a brief addressing whether Butler's petition was untimely under the federal statute of limitations; we specifically asked whether "under La. S. Ct. R. X, § 5(a), late-filed writ applications are not 'properly filed' for purposes of § 2244(d)."  In its brief, the Appellee argued that an untimely writ application to the Louisiana Supreme Court was not a "properly filed" post-conviction review application "pending" in state court for purposes of the tolling portion of the federal habeas statute.  See Williams, 217 F.3d 303 (citing 28 U.S.C. § 2244(d)(2)).

After reviewing Williams and the briefs provided, we conclude that the correct focus is elsewhere.  That case dealt with a prisoner's pending application for review of his state habeas proceedings, an issue that raised tolling issues under Section 2244(d)(2).  Williams, 217 F.3d at 305-06.  Our concern is when Butler's direct appeal of his state conviction became final under Section 2244(d)(1)(A).  Filings that are not part of habeas or post-conviction proceedings do not invoke Section 2244(d)(2) tolling.  See Bridges v. Johnson, 284 F.3d 1201, 1203 (11th Cir. 2002).  This is not a case in which it is unclear if a defendant's filing or request belongs to the direct review process or to the post-conviction review process.[4]  Butler did not file an additional document which required interpretation or classification.  He did not submit a request to consider the application even though it was untimely.  The only document Butler filed related

---

[4] See, e.g., Salinas v. Dretke, 354 F.3d 425, 430 (5th Cir.), cert. denied, 541 U.S. 1032 (2004) (determining that leave to file an untimely petition for discretionary review is obtained through state habeas proceedings).

to his untimely direct review application was the application itself, which is indisputably a part of his direct appeal proceedings.

Accordingly, this appeal concerns only the commencement of Butler's federal statute of limitations under Section 2244(d)(1)(A). Our decision does not involve what is a "properly filed" post-conviction application for purposes of the Section 2244(d)(2) tolling.

E. Other arguments

In addition to his Section 2244(d) arguments, Butler contends that he is entitled to equitable tolling because the state induced him into believing that his direct review application to the Louisiana Supreme Court was timely. Butler also argues that he did not receive the state appeal court's June 24, 1998, decision affirming his conviction until a month after it was issued. These arguments were raised for the first time on appeal and may not be considered. Johnson v. Sawyer, 120 F.3d 1307, 1316 (5th Cir. 1997). Butler also raised in the district court, and repeats here, his claim that the tardiness of his habeas petition should be excused because he is actually innocent. The district court rightly rejected Butler's claim as meritless. We need not address the argument further here.

## CONCLUSION

Butler's conviction was final thirty days after the Court of Appeal's decision on direct appeal from the conviction. Because the entire one-year statute of limitations had already run before he began his state post-conviction proceedings, Butler is not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2). Nor is Butler entitled to equitable tolling. Accordingly, the district court correctly concluded that Butler's federal habeas petition was untimely.

We AFFIRM.