**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2009

No. 09-30026
Summary Calendar

Charles R. Fulbruge III
Clerk

KELDA PRICE on behalf of, Bethany Price on behalf of, Aaron Price;
KELVIN WELLS

Plaintiffs - Appellants

v.

LOUISIANA DEPARTMENT OF EDUCATION; PAUL PASTOREK; EAST
BATON ROUGE SCHOOL BOARD; DONNA WALLETE; SUSAN SEVIN;
DONALD SONGY; ASCENSION PARISH SCHOOL BOARD; WAYNE
MESSINA

Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-462

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Kevin Wells and Kelda Price, individually and on behalf of their minor

children, filed this *pro se* lawsuit against the Ascension Parish School Board, the

East Baton Rouge Parish School Board, the Louisiana Department of Education,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

as well as several individual officials from these institutions. The plaintiffs, who are black, allege that the defendants violated Title VI of the Civil Rights Act of 1964 by preventing Wells and Price from visiting their children at school and meeting with teachers, refusing to enroll their children in the schools of their choice, and otherwise humiliating and harassing them and their children on several occasions. The defendants moved to dismiss under Federal Rule of Procedure 12(b)(6), arguing that the complaint failed to state a claim under Title VI. The district court granted the defendants' motions, and the plaintiffs now appeal. We review the district court's dismissal *de novo*, "accepting all well-pleaded facts as true and viewing them in the light most favorable to the plaintiff." *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008) (internal citations omitted).

Under Title VI of the Civil Rights Act of 1964, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. The district court first dismissed the plaintiffs' claims against the individual defendants, holding that only entities receiving federal funds could be held liable under Title VI. It then held that the plaintiffs had failed to state a Title VI claim against the institutional defendants because they had not alleged any instances of intentional discrimination. Though the contours of the plaintiffs' arguments on appeal are not entirely clear, we construe their *pro se* appellate brief liberally and assume that the district court's holdings are properly challenged. *See Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007).

First, the district court correctly noted that only public and private entities can be held liable under Title VI. *See Shotz v. City of Plantation*, 344 F.3d 1161, 1171 (11th Cir. 2003) ("It is beyond question . . . that individuals are not liable under Title VI."); *see also United States v. Baylor Univ. Med. Ctr.*, 736 F.2d 1039,

1044 n.9 (5th Cir. 1984) (noting that "Title VI requires that the public bodies or private *entities* receiving the benefits of any such loan refrain from racial discrimination" (internal quotation omitted and emphasis added)).   The dismissal of the plaintiffs' claims against the individual officials named in the complaint was therefore proper.

Second, with respect to the institutional defendants, we also agree with the district court that the plaintiffs' complaint falls short of the Title VI requirement that a litigant plead facts in support of intentional discrimination. *See Alexander v. Sandoval*, 532 U.S. 275, 281 (2001) ("Title VI itself directly reaches only instances of intentional discrimination." (quotation and alterations omitted)); *Canutillo Indep. Sch. Dist. v. Leija*, 101 F.3d 393, 397 (5th Cir. 1996) (noting that "a Title VI plaintiff must prove discriminatory intent").   The plaintiffs' complaint alleges only that the various entities named as defendants improperly hired, trained, or monitored their employees in order to prevent discrimination, and failed to inspect and discover instances of discrimination. It does not contain a single allegation of discriminatory intent on the part of the institutional defendants, and thus fails to state a valid claim against them.

Because we agree with the district court's analysis of the plaintiffs' claims, we need not address its alternative basis for dismissal—namely, the plaintiffs' lack of standing under Title VI.   Nor do we consider the plaintiffs' new theories of liability on appeal, based on the Boy Scouts of America Equal Access Act, the No Child Left Behind Act of 2001, Title VII of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, and Title II of the Americans with Disabilities Act.   *See Butler v. Cain*, 533 F.3d 314, 320 (5th Cir. 2008) (noting that the plaintiff's new claims "were raised for the first time on appeal and may not be considered").

Accordingly, the judgment of the district court is AFFIRMED.