**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2009

No. 08-10991
Summary Calendar

Charles R. Fulbruge III
Clerk

MICHELLE BROWN; HELEN WYATT; YVONNE TAYLOR;
LEROY MITCHELL

Plaintiffs - Appellants

v.

UNITED STATES POSTAL SERVICE; CARLOS ONTRIVEROS; SPECIAL
AGENT FOR THE UNITED STATES POSTAL SERVICE

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-1869

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Michelle Brown, Helen Wyatt, Yvonne Taylor, and Leroy Mitchell
(collectively, "Appellants") appeal the district court's grant of Carlos Ontriveros's
("Ontriveros") motion to dismiss. For the reasons set forth below, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

## FACTS AND PROCEEDINGS

Appellants are former participants in the Housing Choice Voucher Program which is one of the federal housing programs funded by the U.S. Department of Housing and Urban Development ("HUD"). In Dallas, Texas and surrounding suburbs, the program is administered by the Dallas Housing Authority ("DHA"). In late 2000, due to complaints from a home owner who claimed that rental subsidies were not properly forwarded, Appellants came under investigation. Ontriveros, in his capacity as Special Agent in HUD's Office of Inspector General, spearheaded that investigation which continued for several years and ultimately culminated in the indictments and arrests of Appellants. The cases against each of the Appellants were eventually dismissed. Appellants then sued numerous entities and individual defendants; only the claims against Ontriveros are currently before this court. Appellants' claims included a variety of state law claims as well as First, Fourth, and Fifth Amendment claims arising from alleged acts of retaliation taken by Ontriveros in his capacity as Special Agent.

Ontriveros moved to dismiss, asserting the defense of qualified immunity and, in the alternative, arguing that Appellants failed to state a claim upon which relief may be granted. The district court granted the motion to dismiss based on qualified immunity, giving Appellants additional time to provide further factual detail to defeat Ontriveros's qualified immunity defense. Even with this supplementary filing, the district court determined that Appellants had failed to provide sufficient factual allegations to survive Defendant's motion to dismiss. Appellants timely appealed.

## STANDARD OF REVIEW

We review *de novo* the grant of a motion to dismiss based on qualified immunity. *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008). To survive a motion to dismiss, "the plaintiff must plead enough facts to state a claim to relief

that is plausible on its face." *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations and citation omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). In effect, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* All well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff. *Brown*, 519 F.3d at 236.

## DISCUSSION

"The doctrine of qualified immunity shields government officials acting within their discretionary authority from liability when their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known." *Wallace v. County of Comal*, 400 F.3d 284, 289 (5th Cir. 2005). Qualified immunity protects public officials "not simply from liability, but also from standing trial." *Johnson v. Jones*, 515 U.S. 304, 312 (1995) In other words, qualified immunity "means immunity from suit, not simply immunity from liability." *Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994) (internal quotation omitted). To that end, "[w]hen a public official pleads the affirmative defense of qualified immunity in his answer, the district court may . . . require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). The defense of qualified immunity involves a two step evaluation: "[t]he first step is to determine whether plaintiff alleged a violation of a clearly established constitutional right" and "[t]he second step requires determining whether . . . the official's conduct was *objectively* reasonable under clearly established law existing *at the time of the incident*." *Bazan v. Hidalgo County*,

246 F.3d 481, 490 (5th Cir. 2001) (emphasis in original). The plaintiff bears the burden of negating the defense of qualified immunity. *Foster*, 28 F.3d. at 428. Where a plaintiff fails to carry this burden, the district court may dismiss the suit. *See Schultea*, 47 F.3d at 1434.

Appellants argue that the district court erred in its determination that the their allegations lacked sufficient specificity to overcome Ontriveros's qualified immunity defense because they have in fact provided sufficient detail to survive Ontriveros's motion to dismiss. Further, Appellants assert that the suit was dismissed prematurely because, had they been afforded discovery, they would have been able to provide the specificity lacking to overcome the qualified immunity defense.

Appellants' arguments fail. A review of the briefs and the record both before the district court and this court reveals that Appellants have produced only conclusory allegations. They assert that Ontriveros violated their First, Fourth, and Fifth Amendment rights but bring forth no specific factual allegations to support these claims. Their state-law claims are likewise flawed.

With respect to their First Amendment rights, Appellants assert that they were maliciously investigated and prosecuted in retaliation for speaking out against certain DHA practices and filing suit against various governmental entities, and that Ontriveros withheld information from the grand jury. Appellants fail to set forth sufficient facts to support any of these allegations. They provide no facts to indicate the content of the speech or whether Ontriveros was even aware of the protected activity. Furthermore, by their own assertions, the investigation commenced before any of the protected speech occurred. The claim that Appellants were retaliated against for filing suit against Ontriveros and others also fails. The investigation and ensuing arrests took place well before the suit filed by Appellants and by Appellants' own admissions, the investigation commenced in response to a complaint from a home owner, not due

to any protected activity. Appellants' claim that Ontriveros withheld evidence from the grand jury is also unsupported by any factual assertions. The sole evidence of this alleged malicious behavior is the eventual dismissal of the cases against each of the Appellants. The Supreme Court has long held that "[t]he Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released." *Baker v. McCollan*, 443 U.S. 137, 145 (1979). Furthermore, Appellants were arrested on the basis of a valid warrant and "[s]uch an arrest is not unconstitutional, and a complaint based on such an arrest is subject to dismissal for failure to state a claim." *Thomas v. Sams*, 734 F.2d 185, 191 (5th Cir. 1984). Therefore, the district court's dismissal was proper.

The Fourth and Fifth Amendment claims—asserting false arrest and malicious prosecution—are likewise meritless for failure to set forth sufficient evidence to defeat qualified immunity. Where based on a valid warrant, "the arrest is simply not a false arrest" and cannot form the basis of a constitutional violation. *Id*. The only evidence of the alleged malicious prosecution that Appellants point to is that they were investigated. As previously noted, the investigation commenced based on a home owner's complaint. Appellants offer nothing more to support this claim than assertions characterizing the investigation as "without any basis and . . . false." Here again, the district court did not err in dismissing the complaint.[1]

Appellants' state-law causes of action re-package their constitutional claims, providing no additional factual support. Accordingly, these additional

---

[1] For the first time on appeal, Appellants claim that the district court should have evaluated their constitutional claims under the Texas Constitution, asserting that the state Constitution provides wider protections. These arguments are waived because they are "raised for the first time on appeal and may not be considered." *Butler v. Cain*, 533 F.3d 314, 320 (5th Cir. 2008).

claims likewise fail to defeat Ontriveros's claim of qualified immunity and were properly dismissed.

With respect to Appellants' argument that the suit was prematurely dismissed, this court has long held that "avoidance of disruptive discovery is one of the very purposes for the official immunity doctrine, and it is no answer to say that the plaintiff has not yet had the opportunity to engage in discovery. The substantive defense of immunity controls." *Schultea*, 47 F.3d at 1432. This last argument is also inadequate to withstand dismissal.

## CONCLUSION

The judgment of the district court is AFFIRMED.