# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 8, 2010

No. 09-30062
Summary Calendar

Lyle W. Cayce
Clerk

JAMES ENCARDES,

Petitioner-Appellant

v.

LYNN COOPER, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-530

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

James Encardes, Louisiana prisoner # 331838, appeals the denial of his 28 U.S.C. § 2254 petition as time barred. His petition challenged his 2003 conviction for simple burglary of an inhabited dwelling, for which he was sentenced to 15 years of imprisonment. We granted a certificate of appealability (COA) as to whether the district court reversibly erred by sua sponte applying the one-year limitation period in 28 U.S.C. § 2244(d)(1) after the respondent conceded in its answer that the § 2254 petition was timely and provided reasons

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for reaching that conclusion. Because we may only review the issue on which the COA was granted, we do not consider the other arguments in Encardes's briefs. *See United States v. White*, 307 F.3d 336, 339 n.1 (5th Cir. 2002). We grant Encardes's motion to file his reply brief out of time, but we deny his motion for appointment of counsel. *See Schwander v. Blackburn*, 750 F.2d 494, 502-03 (5th Cir. 1985).

The respondent's concession of the timeliness of Encardes's § 2254 petition was erroneous. In calculating the § 2254 petition's due date, the respondent treated the one-year limitation period as having begun when the Louisiana Supreme Court denied Encardes's application for a supervisory writ on direct review. In fact, the one-year limitation period began to run when Encardes missed an August 19, 2005 extended deadline for filing the state writ application. *See* § 2244(d)(1)(A); *Butler v. Cain*, 533 F.3d 314, 316-20 (5th Cir. 2008). Because he did not seek state postconviction relief, his § 2254 petition was due one year later on Monday, August 21, 2006, *see* § 2244(d); FED. R. CIV. P. 6(a)(1)(C), but he did not mail it until November 28, 2006.

Because the respondent mistakenly calculated the due date for Encardes's § 2254 petition, "the federal court confronted no intelligent waiver on the [repondent]'s part, only an evident miscalculation of the elapsed time under a statute designed to impose a tight time constraint on federal habeas petitioners," and "the federal court had discretion to correct the [respondent]'s error and, accordingly, to dismiss the petition as untimely." *Day v. McDonough*, 547 U.S. 198, 202 (2006). The district court accorded the parties fair notice and opportunity to present their positions. *See id.* at 210. "No court proceedings or action occurred" in the five months between the time that the respondent answered the petition and the time that the court raised the timeliness issue, and "nothing in the record suggests that the [respondent] 'strategically' withheld

the defense or chose to relinquish it." *Id*. Therefore, we affirm the judgment of the district court.

MOTION to file reply brief out of time GRANTED; MOTION for appointment of counsel DENIED; JUDGMENT AFFIRMED.