# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31082

LARRY THOMAS, JR.,

Petitioner - Appellant

v.

JERRY GOODWIN, Warden, David Wade Correctional Center,

Respondent - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Louisiana

Before JOLLY, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Louisiana state prisoner Larry Thomas, Jr. appeals the dismissal of his 28 U.S.C. § 2254 petition as untimely. For the reasons that follow, we AFFIRM.

## FACTS AND PROCEDURAL HISTORY

Thomas was convicted of armed robbery by a jury in 2006 and sentenced to fifty years imprisonment. On direct appeal, the Louisiana Second Circuit Court of Appeal affirmed his conviction on August 15, 2007. *State v. Thomas*, 42,322, p. 10 (La. App. 2 Cir. 8/15/07); 962 So. 2d 1119, 1126. Pursuant to Louisiana Supreme Court Rule X, § 5(a), Thomas had thirty days to file a direct review writ application with the Louisiana Supreme Court. Thomas alleges

No. 13-31082

that he filed an application on August 30, 2007, within the time for doing so. However, on November 20, 2007, the Louisiana Supreme Court's Central Staff sent Thomas a form letter informing him that his "papers" were being returned to him "unfiled."[1]  The letter stated: "We cannot evaluate your complaints unless you furnish us with the required documentation . . . ."  By the date of that letter, the thirty-day window for filing a direct review writ application had expired.

On January 8, 2008, Thomas sent documents to the Louisiana Supreme Court, which were received, filed, and docketed by the court on February 12, 2008.[2]  On October 24, 2008, the Louisiana Supreme Court denied Thomas's writ application in a one-word denial.  *State ex rel. Thomas v. State*, 2008-0316 (La. 10/24/08); 992 So. 2d 1031, 1032.  Thomas subsequently applied for state post-conviction relief, which was unsuccessful.[3]  Thomas then filed a § 2254 application in the United States District Court, which was postmarked August 16, 2012.  The magistrate judge recommended that Thomas's application be dismissed as time-barred, and the district court agreed.  The district court noted that the timeliness determination hinged on "whether Thomas's writ

---

[1] As the magistrate judge noted, she initially ordered Thomas to provide a dated copy of his Louisiana Supreme Court writ application.  The only evidence that Thomas produced in response to this request was a document indicating that he filed a writ application on January 8, 2008.  After the magistrate judge issued a Report and Recommendation recommending dismissal of Thomas's petition, Thomas, for the first time, produced the writ application dated August 30, 2007.  Only later, in response to the magistrate judge's request that Thomas explain why his August 30, 2007 writ application was not postmarked and received by the Louisiana Supreme Court until January 2008, did Thomas produce the letter from Central Staff.

[2] It is not entirely clear what documents Thomas sent on January 8, 2008.  However, a letter from the Louisiana Supreme Court dated February 19, 2008, acknowledged receipt of his "filing," which "was metered on 1/8/2008."

[3] In total, his post-conviction process spanned about thirty-eight months.  Thomas initially filed for post-conviction relief on May 29, 2009, and the Louisiana Supreme Court denied his post-conviction writ application on July 27, 2012.  *State ex rel. Thomas v. State*, 2011-2758 (La. 7/27/12); 93 So. 3d 599.

2

No. 13-31082

application dated August 30, 2007, and purportedly mailed on September 4, 2007, was a timely petition for direct review under [Louisiana] Supreme Court Rule X despite being returned unfiled." The district court emphasized that as of November 20, 2007, when Central Staff sent Thomas the letter, "Thomas did not have a properly filed pleading being considered by the Louisiana Supreme Court." The district court determined that Thomas's conviction became final on the last day that Thomas could have timely petitioned the Louisiana Supreme Court for further direct review and that the one-year limitations period, under § 2244(d)(1)(A), expired one year later.[4] The district court also determined that Thomas had not demonstrated that he was entitled to equitable tolling.

Thomas filed a timely notice of appeal and moved for a certificate of appealability ("COA"), which the district court denied. Thomas argued, and still argues, that his August 2007 writ application, which was returned as unfiled, should be considered a timely-filed writ application, and, thus, his conviction did not become final until after the Louisiana Supreme Court denied that application. Thomas also argues that the Central Staff letter should be construed as having given him an extension of time to file his direct review writ application. This court subsequently granted Thomas a COA "on the issue whether the district court erred in determining the date upon which the one-year limitations period commenced under § 2244(d)(1)(A)." The court also instructed the parties to "include an analysis of whether the Louisiana Supreme Court's ruling was a ruling on the merits and an implicit grant of leave to file an out-of-time appeal."

---

[4] The district court calculated these dates to be September 15, 2007 and September 15, 2008. However, thirty days after the Louisiana Second Circuit affirmed Thomas's conviction would have actually been September 14, 2007. This one-day discrepancy does not affect our analysis.

3

No. 13-31082

## DISCUSSION

"This court reviews a district court decision denying a habeas petition on procedural grounds *de novo*." *Butler v. Cain*, 533 F.3d 314, 316 (5th Cir. 2008). The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes "[a] 1-year period of limitation" for state prisoners to file for federal habeas relief, which "run[s] from the latest" of four specified dates. 28 U.S.C. § 2244(d)(1). The first of those dates is relevant to this case: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" § 2244(d)(1)(A). When, as in the present case, a petitioner does not pursue direct review all the way to the United States Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the U.S. Supreme Court], or in state court, expires." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). This court has previously explained that "AEDPA, not state law, determines when a judgment is final for federal habeas purposes." *Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2006) (citation and internal quotation marks omitted). However, we look to state law to determine how long a prisoner had to file a direct appeal, which is a necessary part of the finality inquiry. *Butler*, 533 F.3d at 317.

Louisiana Supreme Court Rule X, § 5(a) provides that "[a]n application seeking to review a judgment of the court of appeal . . . shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal." The Rule also states that "[n]o extension of time therefor will be granted." La. Sup. Ct. R. X, § 5(a). In *Butler v. Cain*, this court discussed Rule X, § 5(a) in the context of analyzing when a petitioner's Louisiana state conviction became final under § 2244(d)(1)(A). 533 F.3d at 316. In *Butler*, the petitioner filed a direct review writ application with the Louisiana Supreme Court, which he conceded was untimely. *Id.* at 319 n.2. About five months

later, the Louisiana Supreme Court denied his application with a one-word denial. *Id.* at 316, 318. This court found that "Butler's time for seeking further review of his state conviction expired when he did not within thirty days of the Louisiana Court of Appeal's June 24, 1998 decision, challenge that decision in the state Supreme Court" and that July 24, 1998 was the date that his conviction became final for the purposes of § 2244(d)(1). *Id.* at 317. The petitioner argued that because the Louisiana Supreme Court had discretion to consider his late writ application and because, he claimed, the Court's denial of his application was on the merits, the time for seeking direct review did not expire until after the Louisiana Supreme Court denied his writ. *Id.* at 318. This court disagreed and refused to construe the Louisiana Supreme Court's one-word denial as a decision on the merits. *Id.* at 318, 319 n.2. This court found no indication that the petitioner requested an extension of time or that the Louisiana Supreme Court granted one and emphasized that if the Louisiana Supreme Court had considered the petitioner's application on the merits, it would have done so in violation of its own explicit rule prohibiting extensions of the thirty-day deadline. *Id.* at 319.

In the present case, Thomas is in the same position as the petitioner in *Butler*. Although Thomas allegedly sent something to the Louisiana Supreme Court within the thirty-day deadline, what he sent was deficient and could not be evaluated by the court. We will not construe Thomas's filing as a timely writ application when the Louisiana Supreme Court's Central Staff explicitly refused to do the same. Further, the Central Staff's form letter provides no indication that the Louisiana Supreme Court granted Thomas leave to file an out-of-time direct review writ application.[5] *Cf. Jimenez v. Quarterman*, 555

---

[5] In *Wilson v. Cain*, this court determined that a defendant's Louisiana state conviction became final, under § 2244(d)(1)(A), when the Louisiana Supreme Court denied his request for rehearing, even though a Louisiana Supreme Court rule explicitly prohibited

No. 13-31082

U.S. 113, 121 (2009) ("[W]here a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)."). Instead, the generic letter simply notified him that his papers were being returned "unfiled." As the district court correctly explained, "as of November 20, 2007, Thomas did not have a properly filed pleading being considered by the Louisiana Supreme Court." When Thomas mailed his writ application to the Louisiana Supreme Court on January 8, 2008, his writ application was nearly four months late, and we are bound by *Butler* to hold that Thomas's conviction became final when the thirty-day time limit for seeking review by the Louisiana Supreme Court expired. [6]

---

consideration of such requests. 564 F.3d 702, 705, 707 (5th Cir. 2009). The court emphasized that "Louisiana courts do not invariably apply Louisiana Supreme Court Rule IX, § 6 to procedurally bar motions for rehearing" and cited several cases in which the Louisiana Supreme Court granted rehearing motions despite the rule prohibiting their consideration. *Id.* at 705. Significantly, unlike the petitioner in *Wilson*, Thomas has offered no evidence or case citations indicating that when faced with timely but incomplete writ applications, the Louisiana Supreme Court declines to apply Louisiana Supreme Court Rule X, § 5(a), and instead grants leave to file out-of-time writ applications. There is also no evidence in the present record, and no language in the Central Staff form letter, indicating the Louisiana Supreme Court did so here. *Cf. Wilson*, 564 F.3d at 705 (emphasizing that one of the justices voted to grant the request for rehearing, despite the rule against consideration of such requests).

[6] The Louisiana Supreme Court sometimes converts untimely writ applications into applications for post-conviction relief. *See State v. Robinson*, 2004-1081, p.1 (La. 11/15/04); 888 So. 2d 767, 767-68 (Calogero, C.J., concurring) ("Although the application is untimely as a matter of La. S.Ct. Rule X, § 5(a), and the court of appeal's decision is therefore final on direct review, this court has the authority to review the merits of a defendant's constitutional claims because Louisiana law governing collateral attack on a final conviction provides a narrow exception to the finality of claims fully litigated on direct appeal." (citation omitted)); *State ex rel. Hall v. State*, 99-0326 (La. 9/24/99); 871 So. 2d 1071, 1071 n.1 (per curiam) ("Rather than requiring relator to present the same arguments again to the lower courts by post-conviction application, this court's use of the *Jacobs* procedure in effect treated the application as one for post-conviction relief, which the lower court presumably would have denied because they had rejected the same arguments on direct review."). It is not clear whether this was done in the present case. If the Louisiana Supreme Court did consider Thomas's writ application as an application for post-conviction relief, its nearly eight-month consideration of Thomas's application would not affect the date upon which Thomas's conviction became final—his conviction was still final when the thirty-day time limit for

No. 13-31082

## CONCLUSION

The district court was correct in its determination of the date upon which the one-year limitations period commenced under § 2244(d)(1)(A).  Thomas's conviction became final thirty days after the Louisiana Second Circuit affirmed his conviction on direct appeal.  On that date, Thomas's time for seeking direct review by the Louisiana Supreme Court expired and the § 2244(d)(1) limitations period began to run.  Accordingly, we AFFIRM the district court's dismissal of Thomas's § 2254 application.

---

seeking direct review expired.  *See Butler*, 533 F.3d at 320; *see also Hall*, 871 So. 2d at 1071 (explaining that when the Louisiana Supreme Court converts and reviews an untimely writ application as a post-conviction application it is "not as a step in direct review").  However, the court's consideration of his application, if deemed a "properly filed" post-conviction application under § 2244(d)(2), would toll his § 2244(d)(1) limitation period.  *See* § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").  Because neither party has suggested that Thomas's writ application should be considered a properly filed post-conviction application for § 2244(d)(2)'s tolling purposes, and because the COA was not granted on that issue, we decline to resolve this question.  *See United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012) ("We do not consider claims raised for the first time on appeal or issues not included in a COA."); *Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999) ("Issues not raised in the brief filed in support of [petitioner's] COA application are waived.").