# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30056
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2016

DANIEL W. RICHARDSON,

Lyle W. Cayce
Clerk

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-2443

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Daniel W. Richardson was convicted by a jury of second degree murder and was sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal on March 27, 2009. *State v. Richardson,* 5 So. 3d 1060 (La. Ct. App. 2009) (table). Richardson filed a 28 U.S.C. § 2254 application challenging his conviction and sentence for second degree murder. The district court dismissed Richardson's § 2254 application as time barred.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30056

The key issue in Richardson's appeal is the date his conviction became final in the Louisiana state courts because his § 2254 application needed to be filed within one year of that date (plus any tolled time attributable to a state application for postconviction relief). The district court found that Richardson's conviction became final on April 27, 2009, the day his 30-day period expired for seeking direct review in the Louisiana Supreme Court. Richardson contends that his conviction became final much later, on January 8, 2010, the day the Louisiana Supreme Court issued a one-word opinion denying the appeal that he had filed after the expiration of the 30-day deadline. He argues that because the denial does not say that his direct appeal was untimely, we should construe the denial as a full consideration of his appeal. If Richardson's conviction did not become final until January 2010 as he argues, then the tolling resulting from his subsequent state habeas application would render the federal petition he filed in 2013 timely.

We review de novo a district court's denial of a § 2254 application on procedural grounds. *Matthis v. Cain*, 627 F.3d 1001, 1003 (5th Cir. 2010). The record reflects that Richardson deposited in the prison mail system his first writ application on direct review within 30 days of the intermediate appellate court's judgment affirming his conviction and sentence. That application, however, was returned as unfiled for failing to comply with Louisiana Supreme Court Rule X, § 2(a) and did not constitute a properly filed pleading. *See Thomas v. Goodwin*, 786 F.3d 395, 398–99 (5th Cir. 2015), *petition for cert. filed* (Sept. 13, 2015) (No. 15-6212).

Richardson sent another writ application on May 3, 2009, outside the 30-day timely appeal window. This time, the Louisiana Supreme Court apparently accepted Richardson's presumably-compliant writ application. On January 8, 2010, the Louisiana Supreme Court issued a single word opinion

denying Richardson's application.   Richardson asserts that the Louisiana Supreme Court considered his writ application timely, even though the initial pleading did not comply with the court rules, because the one-word denial did not necessarily mean that the application was not filed properly.

This court has considered the import of Rule X's prohibition against extensions in determining the date on which a state prisoner's conviction becomes final under § 2244(d)(1)(A).  *See Butler v. Cain*, 533 F.3d 314, 316–17 (5th Cir. 2008).  In *Butler*, this court determined that a Louisiana prisoner's untimely writ application on direct appeal did not affect the date on which the prisoner's conviction became final notwithstanding that the Louisiana Supreme Court subsequently issued a one-word denial of the prisoner's writ application.   *Id*. at 317–20.   This court rejected the argument that the Louisiana Supreme Court's one-word denial indicated that the court had reached the merits of the untimely writ application and instead construed the court's one-word order as a denial on the ground of untimeliness.  *Id*. at 318–19.  The holding in *Butler* is controlling.  Under *Butler*, Richardson's conviction became final on April 27, 2009, the date he could no longer seek timely review before the Louisiana Supreme Court.  Because Richardson failed to submit his § 2254 application within a year of his conviction becoming final, the judgment of the district court is AFFIRMED.