# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40131
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2020

Lyle W. Cayce
Clerk

JEFFREY W. ENGLE,

Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CV-487

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Jeffrey W. Engle, Texas prisoner # 2070022, challenges the dismissal of his 28 U.S.C. § 2254 habeas petition as time-barred. Our court granted a certificate of appealability based on Engle's contention that the district court, adopting a magistrate judge's report and recommendation, erroneously calculated the date on which his

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-40131

state-court judgment of conviction became final, pursuant to 28 U.S.C. § 2244(d)(1)(A).    In addition, our court granted respondent's motion to supplement the record on appeal with state trial-court records that corroborate Engle's claim, but which were not made available to the district court. (Although not controlling, respondent now concedes Engle's § 2254 petition was timely, in the light of the supplemented record.)

A district-court's ruling on whether a § 2254 petition is time-barred is reviewed *de novo*.    *E.g.*, *Butler v. Cain*, 533 F.3d 314, 316 (5th Cir. 2008) (citation omitted).    In that regard, supplemental state-court records, provided for the first time on appeal, may be considered.    *See Johnson v. Dretke*, 442 F.3d 901, 906 n.3 (5th Cir. 2006).

State prisoners filing petitions pursuant to § 2254 are subject to a one-year limitations period running from "the latest of" several dates, including, as relevant in this instance, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review".    28 U.S.C. § 2244(d)(1)(A).    Pursuant to the Texas Rules of Appellate Procedure, a criminal defendant's notice of appeal ordinarily "must be filed within 30 days after the day sentence is imposed".    Tex. R. App. P. 26.2(a)(1). If, however, "defendant timely files a motion for new trial", the deadline to file a notice of appeal is extended to 90 days.    *Id.* 26.2(a)(2).

The district court concluded that Engle's state-court judgment became final, for purposes of his federal petition's timeliness pursuant to § 2244(d)(1)(A), 30 days after Engle's sentence was imposed because his subsequent notice of appeal was not timely filed.    *See id.* 26.2(a)(1); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000).    In the light of the supplemented record on appeal, however, Engle is correct that he timely filed a *pro se* motion

2

No. 19-40131

for a new trial.  Accordingly, his *pro se* notice of appeal was timely filed within 90 days after the sentence was imposed.  *See* Tex. R. App. P. 26.2(a)(2).

Engle's judgment therefore became final, for purposes of § 2244(d)(1)(A), only when the time for seeking direct review of the Texas Court of Appeals' judgment dismissing his appeal, *Engle v. State*, No. 02-16-321-CR, 2016 WL 5220072 (Tex. Ct. App. 22 Sept. 2016), expired upon his failure to file a timely petition for discretionary review, with the Texas Court of Criminal Appeals, *see Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).  He subsequently properly filed a *pro se* state application for a writ of habeas corpus, which, although denied, tolled the limitations period, as discussed *infra*.  *Ex parte Engle*, No. WR-48,273-02 (Tex. Crim. App. 11 Apr. 2018).

Based on that later date of finality, and our recalculation of the limitations period to account for the time during which Engle's properly filed *pro se* state application for a writ of habeas corpus was pending, his *pro se* § 2254 petition was timely filed.  *See* 28 U.S.C. §§ 2244(d)(1)(A) (quoted in relevant part *supra*), (d)(2) (tolling federal filing deadline while "properly filed application for State post-conviction . . . review with respect to the pertinent judgment or claim is pending").

VACATED; REMANDED for further proceedings consistent with this opinion.