# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20662

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2018

Lyle W. Cayce
Clerk

JAMAL MARTINEZ HANCOCK,

Petitioner–Appellant,

versus

LORIE DAVIS, Director,
  Texas Department of Criminal Justice, Correctional Institutions Division,

Respondent–Appellee.

Appeals from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, SMITH, and GRAVES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Jamal Hancock was convicted of murder.  The district court dismissed his petition for federal habeas corpus relief as untimely.  Because Hancock has not presented new evidence of actual innocence under *Moore v. Quarterman*, 534 F.3d 454 (5th Cir. 2008), he has not made the showing necessary for this court to consider his claims despite the expired limitations period.  Therefore,

we affirm.

## I.

In 2002, a Texas jury convicted Hancock of murder, and he was sentenced to ninety-nine years' imprisonment. On direct appeal, in 2004, the state court of appeals affirmed, and Hancock did not seek discretionary review with the Texas Court of Criminal Appeals ("TCCA"). In 2014, Hancock filed a state postconviction application, asserting that he suffered a due process violation based on a biased in-court identification procedure, that his trial counsel rendered ineffective assistance, and that the state presented false evidence. The TCCA denied relief without written order in 2015.

Hancock filed a federal habeas corpus petition under 28 U.S.C. § 2254, raising the same claims (of ineffective assistance of counsel and an impermissibly suggestive in-court identification process) that he had presented in the state court. That petition was untimely. Hancock had one year from the date his state court judgment became final, in 2004, to file a federal habeas petition. 28 U.S.C. § 2244(d)(1).

Hancock acknowledged that his petition was untimely but maintained that the court could nevertheless exercise jurisdiction under the "actual innocence" gateway of *Schlup v. Delo*, 513 U.S. 298 (1995), and *McQuiggin v. Perkins*, 569 U.S. 383 (2013). Hancock attached to his habeas petition affidavits obtained by law enforcement, close to the date of the murder, from four state witnesses that, he alleges, contradict their trial testimony regarding the shooter's physical description.

The district court dismissed Hancock's petition as untimely under § 2244(d)(1), determining that he had not proffered new evidence or demonstrated actual innocence. Relying on *Moore*, 534 F.3d at 465, the court

concluded that Hancock had not "establish[ed] that the affidavits were un-available to trial counsel at the time of trial," a prerequisite to constitute new evidence. Alternatively, the court determined that even if the affidavits con-stituted new evidence, Hancock had failed to establish that "no reasonable juror would have found [him] guilty beyond a reasonable doubt," *Schlup*, 513 U.S. at 327, because the jury was already presented with differing, impeached descriptions of the shooter. The district court therefore denied Hancock a certificate of appealability ("COA").

Hancock timely appealed, and this court granted a COA on four issues:

1. Whether "new" evidence for the purpose of the actual-innocence gate-way of *Perkins* must be newly discovered, previously unavailable evi-dence or if, instead, it includes reliable evidence that was available but not presented at trial, *see Wright v. Quarterman*, 470 F.3d 581, 591 (5th Cir. 2006);

2. Whether the record was sufficient to permit the district court to deter-mine that Hancock's affidavits, even if "new," would not have pre-vented a reasonable juror from voting for guilt beyond a reasonable doubt;

3. Whether, if the record is sufficient, the district court was correct in its determination that a reasonable juror still could have found Hancock guilty in light of the affidavits, *see Perkins*, 569 U.S. at 386–87; and

4. Whether Hancock's delay in presenting his claims based on the new affidavits had any effect on his allegations of actual innocence, *see Perkins*, 569 U.S. at 398–400.

We review *de novo* the denial of a habeas petition on procedural grounds. *Thomas v. Goodwin*, 786 F.3d 395, 397 (5th Cir. 2015).

No. 16-20662

## II.

Hancock claims that despite the expiration of § 2244(d)(1)'s limitations period, the district court should be able to exercise jurisdiction over his claims because he is alleging actual innocence. In *Perkins*, 569 U.S. at 386, the Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass [even if] the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." As a threshold matter, a credible gateway "claim [of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup*, 513 U.S. at 324. "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Perkins*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329).

The Supreme Court has not explicitly defined what constitutes "new reliable evidence" under the *Schlup* actual-innocence standard, and there is a circuit split.[1] "This court has yet to weigh in on the circuit split concerning what constitutes 'new' evidence." *Fratta v. Davis*, 889 F.3d 225, 232 (5th Cir. 2018). Nor does this case require us to do so, because *Moore* squarely answers

---

[1] *See Wright*, 470 F.3d at 591 (collecting cases). The disagreement centers on whether "new reliable evidence" for the purpose of the *Schlup* actual innocence gateway must be newly discovered, previously unavailable evidence, or, instead, evidence that was available but not presented at trial. *Compare Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005) (holding that evidence is "new" only if it was unavailable at trial and could not have been discovered earlier through due diligence), *and Amrine v. Bowersox*, 238 F.3d 1023, 1028 (8th Cir. 2001) (same), *with Riva v. Ficco*, 803 F.3d 77, 84 (1st Cir. 2015) (considering newly presented evidence "of opinions from a psychiatric expert that [petitioner] recently retained"), *Rivas v. Fischer*, 687 F.3d 514, 543 (2d Cir. 2012) (finding that "new evidence" is "evidence not heard by the jury"), *Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003) ("All *Schlup* requires is that the new evidence is reliable and that it was not presented at trial."), *and Griffin v. Johnson*, 350 F.3d 956, 963 (9th Cir. 2003) (holding that "habeas petitioners may pass *Schlup*'s test by offering 'newly presented' evidence of actual innocence").

that the four affidavits Hancock presents do not constitute "new" evidence under *Schlup*.

Evidence does not qualify as "new" under the *Schlup* actual-innocence standard if "it was always within the reach of [petitioner's] personal knowledge or reasonable investigation." *Moore*, 534 F.3d at 465. Consequently, though we have not decided what affirmatively constitutes "new" evidence, we have explained what does not.

Hancock supported his claim of actual innocence with affidavits, obtained close to the date of the murder, from four state witnesses who testified at trial. The district court determined that Hancock did not establish that the affidavits were unavailable to counsel at the time of trial, and therefore the court held that Hancock had offered no "new" evidence. Hancock did not contend in the district court, and does not contend in this appeal, that the affidavits were unavailable to him or trial counsel at or before trial. *Moore* thus prohibits Hancock from supporting his actual-innocence gateway claim with the proffered affidavits as "new" evidence, so he is unable to overcome § 2244(d)(1)'s limitations bar.

Accordingly, the district court correctly interpreted and applied *Moore*. The dismissal of Hancock's federal habeas corpus petition as barred by 28 U.S.C. § 2244(d)(1)'s limitations period is AFFIRMED.