# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20249
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 23, 2019

Lyle W. Cayce
Clerk

MICHAEL TYLER,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2328

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Michael Tyler, Texas prisoner # 1240157, appeals the district court's dismissal of his 28 U.S.C. § 2254 application as untimely. Tyler alleged that he was actually innocent of capital murder and that his actual innocence claim served as a gateway to excuse missing the filing deadline for his claims that trial counsel was ineffective in: (1) failing to interview and call LaShonda

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20249

Tyler, Tiffany Morgan, and Reginald Bean as alibi witnesses; (2) failing to investigate and adequately cross-examine Officer Vincent Larue regarding the getaway car; and (3) failing to call Dr. Ronald P. Fisher as an expert on eyewitness identifications.

This court granted Tyler a certificate of appealability as to: (1) whether the alibi witnesses' 2014 affidavits, Dr. Fisher's 2003 report, and State Finding of Fact No. 20 qualified as new reliable evidence that was not presented at trial; (2) whether the record was sufficiently developed to allow the district court to determine whether no reasonable juror would have voted to find Tyler guilty beyond a reasonable doubt in light of the new evidence; and (3) if the record was sufficient, whether the district court erred in concluding that Tyler failed to make the requisite showing. We review de novo the dismissal of Tyler's habeas petition as time barred. *See Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018), *petition for cert. filed* (Jan. 18, 2019) (No. 18-940).

Under the fundamental miscarriage of justice exception, a claim of actual innocence, if proven, allows a first-time federal habeas applicant to overcome the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "To be credible, [an actual innocence] claim requires [the applicant] to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Tenable actual innocence claims are rare because the applicant must show "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Perkins*, 569 U.S. at 386 (internal quotation marks and citations omitted).

Tyler contends that evidence submitted in support of his actual innocence gateway claim qualified as new reliable evidence that was not presented at trial.  He argues that although the information was available prior to trial, *Schlup* does not require that the new evidence be "newly discovered," only that it be reliable and not presented at trial.

"The Supreme Court has not explicitly defined what constitutes 'new reliable evidence' under the *Schlup* actual-innocence standard." *Hancock*, 906 F.3d at 389.  Further, we have "yet to weigh in on the circuit split concerning" whether the new evidence must be "newly discovered, previously unavailable evidence, or, instead, evidence that was available but not presented at trial." *Id.* at 389 & n.1; *see also Fratta v. Davis*, 889 F.3d 225, 232 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 803 (2019).  As in *Hancock*, we need not do so in the instant case.  "Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock*, 906 F.3d at 390 (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)).

Tyler acknowledges that the information contained in the alibi witnesses' 2014 affidavits, Dr. Fisher's 2003 report, and State Finding of Fact No. 20 was known by and available to him and trial counsel at or before trial. Based on our decisions in *Moore* and *Hancock,* this evidence did not qualify as new evidence for purposes of *Schlup* and *Perkins*.  *See Hancock*, 906 F.3d at 388-90; *Moore*, 534 F.3d at 465.

Tyler argues in the alternative that we should treat the new evidence requirement for actual innocence claims differently when the claim involves an allegation of ineffective assistance of counsel.  *See Gomez v. Jaimet*, 350 F.3d 673, 679–80 (7th Cir. 2003) (holding that potentially exonerating evidence that "trial counsel knew of yet failed to present" can qualify as new evidence

for a gateway ineffective assistance claim).    But *Hancock* involved an ineffective assistance claim. *Hancock*, 906 F.3d at 387. We made no distinction between the treatment of ineffective assistance claims and other claims when addressing whether an actual innocence claim was sufficient to overtime a time bar. *Id.* at 389–90. And while we can understand why Tyler may not have raised an ineffective assistance claim at trial when he was still represented by the very lawyer he sought to challenge, the same cannot be said for his habeas proceedings. There is no indication Tyler was any less aware of the evidence his lawyer failed to present when his sentence became final in 2007 than he was when he filed his federal claim years later.

Because Tyler failed to support his actual innocence gateway claim with new reliable evidence, the district court did not err in dismissing his § 2254 application as time barred. *See Perkins*, 569 U.S. at 386; *Hancock*, 906 F.3d at 390. Accordingly, the district court's judgment is AFFIRMED.